This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Orlandro D. Sutton has appealed from the judgment of the Summit County Court of Common Pleas that sentenced him to six months in prison. This Court vacates the sentence and remands for proceedings consistent with this opinion.
 I
On June 18, 2001, Appellant pled guilty to one count of unauthorized use of a motor vehicle in violation of R.C. 2913.03, a fifth degree felony. At the sentencing hearing, Appellant's counsel approved the facts of the pre-sentence investigation report, reminded the trial court that Appellant had no prior record, and informed the trial court of Appellant's employment with The Ohio State University in Columbus, Ohio. The transcript of the sentencing hearing includes testimony concerning Appellant's living arrangements and plans for the future.
Before sentencing Appellant, the trial court stated the following factors as reasons for the sentence: Appellant had no ties to the community; Appellant had no likelihood of completing probation; Appellant did not accept responsibility for the charges; Appellant had no current address to give the court; and Appellant was not amenable to community control. The trial court reiterated those reasons in its journal entry and also found that recidivism was likely, justice required a prison sentence, and a prison term was consistent with R.C. 2929.11. The trial court sentenced Appellant to serve six months in prison, with credit for seventeen days for time served. Appellant has appealed the sentence, asserting one assignment of error.
 II Assignment of Error The Court erred to the detriment of the Appellant when it sentenced him to prison without making any findings required by R.C. 2929.13(B) as mandated by R.C. 2953.08(G).
Appellant has asserted that the trial court erred by sentencing him to prison without making the proper findings. Appellant has argued that the factors listed by the trial court do not include any of the required findings under R.C. 2929.13(B)(1)(a-i). Appellant has appealed under R.C. 2953.08(A)(2), which allows a defendant to appeal as a matter of right. A defendant may appeal, as a matter of right, the sentence imposed upon him if:
 The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * * and the court did not specify at sentencing that it found one or more factors specified in [R.C. 2929.13(B)(1)(a-i)] to apply relative to the defendant.
R.C. 2953.08(A)(2). An appellate court hearing an appeal under R.C.2953.08(A)(2) may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2)(b).
Appellant has argued that the trial court did not make any findings under R.C. 2929.13(B)(1). Pursuant to R.C. 2929.13(B)(1), in sentencing an offender for a felony of the fifth degree:
 [T]he sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
(g) The offender previously served a prison term.
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession of a firearm.
R.C. 2929.13(B)(2)(a) requires a trial court to impose a prison term upon an offender for a fifth degree felony offense if:
 [T]he court makes a finding described in [R.C. 2929.13(B)(1)(a-i)] and if the court, after considering the factors set forth in [R.C. 2929.12], finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11] and finds that the offender is not amenable to an available community control sanction[.]
Pursuant to R.C. 2929.13(B)(2)(b):
 [I]f the court does not make a finding [under R.C. 2929.13(B)(1)(a-i)] and if the court, after considering the factors set forth in [R.C.2929.12], finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11], the court shall impose a community control sanction or combination of community control sanctions upon the offender.
This Court agrees that the record is void of any of the factors listed in R.C. 2929.13(B)(1)(a-i). However, R.C. 2929.13(B) mandates when a sentencing court must impose a prison sentence and when it must impose community control; it does not provide the sole statutory method to sentence an offender to prison for a fifth degree felony conviction.
Pursuant to R.C. 2929.12(A):
 Unless otherwise required by [R.C. 2929.13 or R.C. 2929.14], a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11].
As previously discussed, the factors listed in R.C. 2929.13(B)(1) are not present in this case. Therefore R.C. 2929.13(B) does not apply and the trial court had discretion, within the bounds of R.C. 2929.11 and R.C.2929.12, in sentencing Appellant.
When sentencing an offender under R.C. 2929.12, the court must follow the purposes and principles of felony sentencing, which are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To achieve the purposes of felony sentencing:
 [T]he sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
Id. Not only should a sentence be reasonably calculated to achieve the purposes of R.C. 2929.11(A), it should be:
 [C]ommensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
R.C. 2929.11(B).
Pursuant to R.C. 2929.12(B), when sentencing an offender, the court shall consider the following, and any other relevant factors, as factors indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of [R.C. 2919.25 or R.C. 2903.11, R.C. 2903.12, or R.C. 2903.13] involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
R.C. 2929.12(B). In exercising its discretion, a sentencing court shall consider the following, and any other relevant factors, as factors indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
R.C. 2929.12(C). The sentencing court shall also consider all of the following that apply, and any other relevant factors as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release form confinement before trial or sentencing, under a sanction imposed pursuant to [R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18], or under post-release control pursuant to [R.C. 2967.28] or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to [R.C. Chapter 2151] prior to the effective date of this amendment or pursuant to [R.C. Chapter 2152], or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to [R.C. Chapter 2151] prior to the effective date of this amendment or pursuant to [R.C. Chapter 2152], or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
R.C. 2929.12(D). The sentencing court shall also consider all of the following that apply, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
R.C. 2929.12(E).
After reviewing the record and the applicable statutory provisions, this Court clearly and convincingly finds that the trial court's sentence of Appellant, a first-time, non-violent offender, to six months in prison was contrary to law. Appellant's prison sentence was not supported by the enumerated factors in R.C. 2929.11 and R.C. 2929.12. Specifically, the record contains no factors indicating that Appellant's conduct is more serious than conduct normally constituting the offense. See R.C.2929.12(B). Also, the trial court failed to find four of the factors indicating likelihood to commit future crimes. See R.C. 2929.12(D). Further, the record supports a finding that Appellant was not likely to commit future crimes because Appellant had not been adjudicated a delinquent child, had not been convicted of or pleaded guilty to a criminal offense and Appellant had led a law-abiding life for a significant number of years. See R.C. 2929.12(E). Based on the foregoing, this Court vacates the sentence of the trial court. Accordingly, Appellant's sole assignment of error is sustained.
 III
Appellant's sole assignment of error is sustained. The sentence of the trial court is vacated and the case remanded for proceedings consistent with this opinion.
Sentenced vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J. CONCURS, BAIRD, J. DISSENTS.